UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci,
    Plaintiff

    v.                                Case No. 13-cv-502-SM
                                              Opinion No. 2014 DNH 080
The New Hampshire Supreme Court,
    Defendant

**O R D E R**

Josephine Amatucci, proceeding pro se and in forma pauperis, filed this civil action against the New Hampshire Supreme Court. Her complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2).

Ms. Amatucci brings what might best be described as an action pursuant to 42 U.S.C. § 1983. She complains that the New Hampshire Supreme Court "abused its discretion" when it "dismissed her case against her public defender." Complaint, at para. 4. In so doing, says Amatucci, the state supreme court violated her constitutionally protected right to due process. She asks this court to "reverse the judgment of the New Hampshire Supreme Court" and to "allow this case to go before a jury for [an award of] damages."

The Rooker-Feldman doctrine precludes this court from reviewing the decision of the New Hampshire Supreme Court (even if it were persuaded that the state court's resolution of Amatucci's claims was legally incorrect).  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).  See also Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995) ("Constitutional claims presented to a United States district court, and found to be 'inextricably intertwined' with state court proceedings, impermissibly invite the federal district court, 'in essence,' to review a final state court decision.  Lower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions.") (citations omitted).

Moreover, the New Hampshire Supreme Court is immune from suit for monetary damages under 42 U.S.C. § 1983.  See, e.g., Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action.").  And, monetary claims against the individual justices are barred by the doctrine of judicial immunity.  See generally, Stump v. Sparkman, 435 U.S. 349, 356-56 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967).

2

To the extent Amatucci believes the New Hampshire Supreme Court erred in its resolution of her underlying state court action, her remedy is (or was) to file a petition for certiorari in the United States Supreme Court.

## Conclusion

The complaint fails to state any viable cause of action. Amatucci shall have 30 days to file an amended complaint either seeking relief that the court is empowered to grant, or naming defendants who may be required to pay damages.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 22, 2014

cc:  Josephine Amatucci, pro se

3